# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GORDON W. HUFF,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:20-CV-00942-MAB |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Presently before the Court is Plaintiff Gordon W. Huff's motion to stay Defendant's motion for summary judgment (Doc. 14) and Defendant United States of America's response in opposition (Doc. 18). For the reasons set forth below, Plaintiff's motion to stay is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this lawsuit originally in Franklin County Circuit Court on or around August 3, 2020 (Doc 1-1). In his complaint, Plaintiff, a Vietnam War veteran, alleges that on or around January 1, 2019, he went to the Marion Veterans Affairs Medical Center Emergency Room, where he was treated by Ms. Verna Jane Thietje, a nurse at this facility (Doc. 1-1, p. 2). Based on their interaction at the VA facility, Ms. Thietje filed a Verified Petition for Stalking against Plaintiff. Plaintiff contends she did this in her individual capacity and "not as an employee of the federal government" (Doc. 1-1, p. 3). In this Verified Petition, Ms. Thietje published private information regarding Plaintiff's patient

care, military service, and military training (Doc. 1-1, p. 3). Because of this dissemination of information, Plaintiff filed a two count complaint against Ms. Thietje with claims for (1) intentional infliction of emotional distress and (2) a publication of private acts in violation of Illinois law (Doc. 1-1).

Then-Defendant Verna Thietje removed the present matter to the Southern District of Illinois on September 16, 2020 pursuant to the Westfall Act, 28 U.S.C. §2679(b)(1), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b) (Doc. 1, p. 2). When a federal employee is sued, the Westfall Act allows the Attorney General of the United States to certify, if appropriate, that the employee was acting within the scope of her employment and the United States will then be substituted as the party defendant. *See* 28 U.S.C. §2679(d)(1), (2). As such, on September 17, 2020, Ms. Thietje filed a motion to substitute the United States for her in this lawsuit (Doc. 4), which the Court granted (Doc. 5). Soon after, on September 24, 2020, the now substituted Defendant, United States of America ("United States"), filed a motion for summary judgment (Doc. 8). On October 29, 2020, Plaintiff filed a motion to stay the motion for summary judgment, requesting the Court allow "necessary" discovery as to whether Ms. Thietje was acting within the scope of her employment (Doc. 14, p. 2). The United States filed their response in opposition to the motion to stay on November 23, 2020 (Doc. 18).

## DISCUSSION

In Plaintiff's motion to stay, he asks the Court to allow the parties to conduct discovery "necessary in order to appropriately litigate the issue of whether Ms. Thietje was acting within the scope of her employment," which Plaintiff requires in order to

respond to the pending motion for summary judgment (Doc. 14, p. 2). The United States argues that discovery of this sort is not necessary and opposes Plaintiff's motion for a variety of reasons. The Court first turns to Plaintiff's motion to stay before addressing Defendant's response in opposition.

I. Plaintiff's Motion to Stay Pursuant to Rule 56(d)

Plaintiff filed the motion to stay the United States' motion for summary judgment based on Federal Rule of Civil procedure 56(d),[1] which provides relief for a party opposing a motion for summary judgment that can show "for specified reasons" that it "cannot present facts essential to justify its opposition." *OneBeacon Insur. Comp. v. U.S. Foods, Inc.*, 304 F.R.D. 536, 539 (N.D.Ill. June 25, 2014). The party invoking the protections of Rule 56(d) "must state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery and must support those reasons by affidavit" *Id.* (citing *Deer &Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006)) (internal citations omitted). In this affidavit, the party must demonstrate "how postponement of a ruling on the motion will enable [it], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Id.* (quoting *Lamb's Patio Theatre, Inc. v. Universal Film Exchs.*, 582 F.2d 1068, 1071 (7th Cir. 1978)). The affidavit or declaration should give specific reasons why the party cannot present facts essential to opposing a motion for summary judgment. *Smith v. OSF HealthCare System*, 933 F.3d 859, 866 (7th Cir.

---

[1] Federal Rule of Civil Procedure 56(d) states that "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declaration or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56 (d).

2019). *See also Wanko v. Brd. Of Trustees of Ind. Univ.,* 927 F.3d 966 (7th Cir. 2019). The rule requires the party facing summary judgment to "make a good faith showing that it cannot respond" to the motion for summary judgment. *Id.* (citing *United States v. All Assets & Equipment of West Side Bldg. Corp.,* 58 F.3d 1181, 1190 (7th Cir. 1995)).

Plaintiff's motion and affidavit state that Plaintiff requires time to pursue limited discovery on the issue of whether Ms. Thietje was acting within the course and scope of her employment when she engaged in the conduct at issue in this case (Docs. 14; 14-1). Plaintiff details that the United States has not even answered the complaint, the parties are not yet at issue and therefore the limited discovery, at this early stage of the litigation, is necessary (*Id.*). While the Court acknowledges that Plaintiff's motion and affidavit are not a beacon of detail, Plaintiff has identified the discovery he believes is necessary to respond to the United States' motion for summary judgment and why he cannot respond without this information or how he would be prejudiced by it. At this early stage of the game, the Court is convinced that limited and targeted discovery is necessary before ruling on the summary judgment motion. Indeed, Rule 56(d) requests of this kind, brought early on before discovery begins, are rarely denied and are "intended as a safeguard against a premature grant of summary judgment." *OneBeacon Insur. Comp.,* 304 F.R.D. at 539, *quoting King v. Cooke,* 26 F.3d 720, 726 (7th Cir. 1994). Generally speaking, when a party challenges certification (regardless of the type of motion used), courts in this district have allowed limited discovery on the scope-of-employment issue. *See e.g., Casey v. Guthrie,* No. 09-cv-951-JPG, 2010 WL 455497, at *1 (S.D.Ill. Feb. 4, 2010). *See also Alexander v. Mount Sinai Hosp. Med. Ctr. Of Chicago,* 165 F.Supp.2d 768, 772 (N.D.Ill. 2007).

In opposing a Rule 56(d) motion, the non-moving party usually opposes the motion by showing either that the moving party failed to pursue discovery diligently before the summary judgment motion, or that the requested discovery is futile. *OSF HealthCare Sys.*, 933 F.3d at 866. While the United States addressed these arguments tangentially in the response to the motion to stay, it cannot argue that Plaintiff has not diligently pursued discovery, given that this case is in its early stages and discovery has not even began.[2]

      The United States also attempts to argue that discovery is futile because the motion for summary judgment does not hinge on whether Ms. Thietje was acting within the scope of her employment. But the United States' motion for summary judgment contends that Plaintiff failed to exhaust his administrative remedies prior to filing this suit, as required by the FTCA (Doc. 8, p. 3). The FTCA is the reason why this case is in federal court as opposed to state court. And the FTCA *only* applies if Ms. Thietje was acting *within* the scope of her employment. By filing a motion for summary judgment at this early stage of litigation, the key consideration is whether Ms. Thietje acted within the scope of her employment. As Plaintiff admits in his motion to stay: "If the Court determines Ms. Thietje was acting within the scope of her employment, Defendant's motion for summary judgment would be well taken" (Doc. 14, p. 2).

---

[2] Defendant argues that Plaintiff has been on notice since 2019 that Ms. Thietje planned to substitute the United States as Defendant in this case and, yet, has not presented evidence that she acted outside the scope of her employment (Doc. 18, p. 11).But being put on notice about an issue and being able to pursue and gather evidence about that issue are two different things.

II.  Defendant's Opposition to Plaintiff's Motion to Stay

The United States opposes Plaintiff's motion to stay for a variety of reasons, all of which seem to slightly miss the mark as the contentions appear better-suited to oppose a motion to stay filed later on in a case's progression. First, the United States highlights that Plaintiff never challenged the certification of it as Defendant before filing the motion to stay, implying that Plaintiff has waived, or is at least very delayed in this challenge. Additionally, the United States argues that the motion for summary judgment is not on the issue of certification and substitution of the United States as the Defendant and thus discovery related to Ms. Thietje's employment is not necessary, or relevant, at this time. Third, the United States outlines that the face of the complaint shows Ms. Thietje was acting within the scope of her employment; therefore, discovery is not needed. Finally, the United States argues that it is Plaintiff's burden to prove that Ms. Thietje's conduct was not within the scope of her employment and Plaintiff has not provided any evidence or arguments to support his contention that Ms. Thietje was acting within the scope of her employment (Doc. 18, p. 3).

For the United States' first argument, it is helpful to revisit the beginning procedural posture of this case. On September 16, 2020, Defendant removed this case from state court pursuant to the Westfall Act and the FTCA (Doc. 1, p. 2). The Westfall Act provides federal employees absolute immunity from tortious conduct occurring within the scope of employment. [3] *Osborn v. Haley,* 549 U.S. 881, 884 (2007). *See also* 28

---

[3] Whether an employee's actions fall within the scope of employment is determined by state law. *Taboas v. Mlynczak,* 149 F.3d 576, 582 (7th Cir. 1998). In Illinois, "[a]n employee's action falls within the scope of

U.S.C. §2679(b)(1). The Westfall Act also allows the Attorney General to certify that a federal employee was acting within the scope of their employment conclusively "*for purposes of removal*" *Id.* Certification, removal, and substitution under the Westfall Act "work together to assure that, when scope of employment is in controversy…[it] may be resolved in federal court." *Gutierrez de Martinez v. Lamagno,* 515 U.S. 417, 430 (1995). Therefore, Westfall certification is subject to judicial review. *Casey*, 2010 WL 455497, at *1 (citing to *Gutierrez,* 515 U.S. at 434) ("[T]he Attorney General's certification that a federal employee was acting within the scope of his employment—a certification the executive official…has a compelling interest to grant—does not conclusively establish as correct the substitution of the United States as defendant in place of the employee") (internal citations omitted).

Certification, like the one filed in this case (*See* Doc. 1-2), is appropriate for purposes of removal and to trigger federal jurisdiction; however, it is not necessarily conclusive proof that the party substituted for the first defendant is the correct defendant for the merits of the case. *Osborn,* 549 U.S. at 884. *See also* 28 U.S.C. §2679(b)(1). While a plaintiff can challenge the substitution of the United States when a defendant moves for certification, the Court is unaware of any authority holding that a plaintiff is foreclosed from challenging the substitution of the United States through a Rule 56(d) motion requesting additional discovery, particularly at this early stage of litigation. Here, the

---

employment if (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; [and] (c) it is actuated, at least in part, by a purpose to serve the master." *Houston v. U.S.,* 638 Fed.Appx. 508, 511 (7th Cir. 2016) (quoting *Taboas,* 149 F. 3d at 582).

Court believes the more prudent approach is to allow limited discovery. *See e.g., Casey,* 2010 WL 455497, at * 2 ("Here, the Court finds Casey should be given an opportunity to engage in limited discovery so that she may meaningfully contest the disputed Westfall certification.").

The Court previously addressed the United States' contention regarding scope of employment and thus now turns to the its final two arguments, which seem to be predicated on the notion that Plaintiff is contesting the certification of the United States as a Defendant in this case. First, the United States claims that discovery is not necessary because the face of the complaint reveals that Ms. Thietje was acting within the scope of her employment. And even if the Court finds the complaint unclear on this issue, the Government contends the Court need only look to the twenty attachments to its response to the motion to stay.

In general, if the certification of employment is drawn from the facts in the complaint, then discovery on certification of employment may not be necessary. *Casey*, 2010 WL 455497, at *1 (S.D. Ill. 2010) (citing *Brumfield v. Sanders,* 232 F.3d 376, 379-80 (3d Cir. 2000)). But here, Plaintiff's complaint alleges that Ms. Thietje was *not* acting within her official capacity as an employee. Rather, Plaintiff pleads that Ms. Thietje acted "in her individual capacity and not as an employee of the federal government…[when she] published information regarding the private patient care of [Plaintiff]" (Doc. 1-1, p. 3). Plaintiff then describes that Ms. Thietje "used her position" to disseminate "private medical information" (Doc. 1-1, p. 3). In short, a careful reading of the complaint provides varying descriptions of Ms. Thietje and, at this stage, it is not readily apparent from the

face of the complaint whether Ms. Thietje was acting within the scope of her employment, which is why limited discovery is necessary on this issue.

The United States then argues that Plaintiff has failed to prove Ms. Thietje's conduct was not within the scope of her employment, but this argument is premature at this point in the case's progression. The United States is correct that if it moved for summary judgment and if Plaintiff had not requested a stay to conduct discovery, Plaintiff would have to advance arguments and evidence as to why Ms. Thietje was not acting within the scope of her employment in the response. *See Lagarde v. U.S.*, 2010 WL 3310228 (C.D. Ill. Aug. 19, 2010) (holding that a plaintiff bears the burden of persuading the court that the Defendant was not acting in the scope of his employment on a fully briefed motion to dismiss). But here, Plaintiff has moved for a stay to pursue limited discovery on the issue of whether Ms. Thietje was acting within the scope of her employment, which Plaintiff says he needs to respond to the motion for summary judgment predicated on exhaustion. The United States' two merits-based arguments seem to ignore the heart of the issue, which is whether Plaintiff's motion to stay pursuant to Rule 56(d) is appropriate.

**CONCLUSION**

For the aforementioned reasons, Plaintiff's motion to stay Defendant's motion for summary judgment in order to conduct discovery is **GRANTED** (Doc. 14). The United States' motion for summary judgment (Doc. 14) is going to be **DENIED without prejudice** and with leave to refile in order to allow the United States to incorporate any information it learns during the limited discovery phase into its briefing.

The limited discovery schedule and briefing schedule will proceed as follows:

Plaintiff will be permitted to conduct limited and targeted discovery on the issue of whether Verna Thietje was in the course and scope of her employment when she engaged in the conduct as alleged in Plaintiff's Complaint. This limited discovery will be written discovery and no depositions will be permitted during this phase. Plaintiff is **DIRECTED** to issue written discovery on or before **July 6, 2021**. Defendant shall respond to the discovery by **August 5, 2021**. Defendant will then be directed to refile its motion for summary judgment (incorporating any information it has learned in discovery, which it believes supports its position) on or before **August 19, 2021**. Plaintiff shall then file his response on or before **September 17, 2021**. Reply brief, if any, is due on or before **September 24, 2021**.

If, during the course of the discovery, this schedule becomes unworkable, the parties may file a motion to modify the schedule. However, the parties are **DIRECTED** to meet and confer before filing any motion, and that any motion should include a jointly agreed to proposed alternative schedule.

**IT IS SO ORDERED.**

**DATED: June 21, 2021**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**